Filed 2/23/23  P. v. Diaz CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>   v.<br><br>SIMON LUA DIAZ,<br><br>       Defendant and Appellant. | C096425<br><br>(Super. Ct. No. STK-CR-FE-1986-0000270) |

In 1987, defendant Simon Lua Diaz was convicted of two counts of first degree murder with special circumstances and sentenced to two consecutive terms of life without the possibility of parole.  In February 2022, defendant filed a petition for resentencing

under Penal Code[1] section 1172.6.[2]  The trial court denied the petition in June 2022, because defendant was ineligible for relief based on burglary special circumstances found true by the jury and also on the ground that the petition was procedurally barred as a successive petition.

On appeal, defense counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, asking this court to review the record for error.  Counsel advised defendant of his right to file a supplemental brief within 30 days from the date the opening brief was filed.  Defendant did not file a supplemental brief.

The California Supreme Court recently decided *People v. Delgadillo* (2022) 14 Cal.5th 216, holding that an appeal from the denial of postconviction relief under section 1172.6 does not implicate a constitutional right to counsel, and thus the procedures set out in *Anders v. California* (1967) 386 U.S. 738 and *People v. Wende, supra*, 25 Cal.3d 436 do not apply.  (*Delgadillo*, at p. 366.)  However, as the court did in *Delgadillo*, we elect to independently review the record in the interest of judicial economy.  (*Id.* at p. 371.)  Having done so, we affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

A detailed recitation of the underlying facts is unnecessary for this appeal. Defendant shot Albert and Mary Borth, an elderly couple, six times each in their home and stole a rifle and a shotgun, which defendant attempted to sell.  A jury found defendant guilty of two counts of first degree murder (§ 187) and found true special circumstances that defendant committed multiple murders (§ 190.2, subd. (a)(3)) in the

---

[1]  Undesignated statutory references are to the Penal Code.

[2]  Effective June 30, 2022, the Legislature renumbered former section 1170.95 as section 1172.6 (Stats. 2022, ch. 58, § 10), with no change to the text of the statute.  (*People v. Garcia* (2022) 82 Cal.App.5th 956, 960, fn. 2.)  Defendant filed his petition under former section 1170.95; however, we will refer to the relevant statute by its current section number.

course of a burglary (§ 190.2, subd. (a)(17)). The trial court sentenced defendant to two consecutive terms of life without the possibility of parole. We affirmed the judgment on appeal. (*People v. Lua* (Sept. 20, 1989, C002681) [nonpub. opn.].)

In October 2019, defendant filed a petition for resentencing pursuant to section 1172.6. In November 2019, the superior court denied the petition in an ex parte order stating that defendant had not made a prima facie showing. Defendant filed a writ petition challenging the denial of his resentencing request, which the trial court treated as a subsequent petition and also summarily denied.

We affirmed the judgment in *People v. Diaz* (Jan. 5, 2021, C091310) (nonpub. opn.). We noted that "there was no evidence presented at trial that the murders were committed by anyone but defendant and that the case was not tried under an accomplice theory. [Citation.] Therefore, the court did not instruct the jury on accomplice liability even though the jury asked whether it could find defendant guilty without actually determining that he pulled the trigger. [Citation.] As such, when the jury found defendant guilty and the special circumstances true, the jury necessarily accepted the evidence that defendant was the actual killer and determined he had 'committed or attempted to commit a burglary' and 'intended to kill' the victims. [Citation.]" (*Diaz, supra*, C091310 [at pp. 9-10], fn. omitted.)

In January 2022, defendant filed a petition for resentencing under section 1172.6, as well as another in February 2022, both asserting that an information had been filed against him that allowed the prosecution to proceed under a theory of felony murder, murder under the natural or probable consequences doctrine, or malice imputed based solely on participation in a crime; that he was convicted of murder; and that he could not now be convicted of murder because of the changes to sections 188 and 189. The trial court appointed counsel for defendant.

The People opposed the petition, arguing that defendant was ineligible for relief because he was the actual killer. The People further argued the defendant had previously

filed a section 1172.6 petition, which was denied and the denial affirmed on appeal, and subsequent changes to section 1172.6 did not affect defendant's eligibility.

In response, defendant argued that the trial court should disregard the factual summary and findings of our appellate decision on his previous petitions and find that his current petition established a prima facie showing for relief. Defendant further maintained that, in light of the jury's inquiries during deliberations regarding whether a person could be held liable for murder without pulling the trigger, the trial court's failure to instruct the jury on the definitions of direct perpetrator and aider and abettor, "opened the door for the jury to convict [defendant] as an aider and abettor to the actual perpetrator, even though they were never so instructed."

At the June 2022 hearing, the trial court denied defendant's petition, noting that this court had determined as a matter of law that defendant's conviction was based on the theory that he was the actual killer. Therefore, because defendant was the actual killer, he could still be convicted under the amendments to sections 188 and 189. As a separate ground for denying the petition, the trial court found that defendant was procedurally barred from filing successive petitions by the doctrine of collateral estoppel.

## DISCUSSION

Senate Bill No. 1437 (2017-2018 Reg. Sess.), effective January 1, 2019, "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

As amended, section 188 defining malice provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.)

4

Section 189, subdivision (e), as amended, limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e); Stats. 2018, ch. 1015, § 3.)

Senate Bill No. 1437 also added former section 1170.95 (now § 1172.6; Stats. 2018, ch. 1015, § 4), which allows those convicted of felony murder or murder under the natural and probable consequences theory to petition the trial court to vacate the conviction and resentence the defendant. (§ 1172.6, subd. (a).) "If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).)

Effective January 1, 2022, Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551, § 2) further amended former section 1170.95 (now §1172.6), inter alia, to broaden "the pool of eligible petitioners by allowing a resentencing petition to be filed by any person 'convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime.' " (*People v. Vizcarra* (2022) 84 Cal.App.5th 377, 388.)

The prima facie inquiry under section 1172.6, subdivision (c) is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid*.)

5

Although the trial court may rely on the record of conviction (including a prior appellate court opinion) in determining whether defendant has made a prima facie showing, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972.)

Here, we agree with the trial court that defendant has failed to make the requisite prima facie showing of entitlement to relief under section 1172.6. To be eligible for relief, a petitioner must have been convicted of murder or attempted murder under a felony-murder or natural and probable consequences theory, or another theory of imputed malice. (§ 1172.6, subd. (a).) The record of conviction in this case reflects that defendant was not convicted under any such theory but as the actual killer. Defendant's jury was not instructed on the felony-murder doctrine, natural and probable consequences theory, any other imputed malice theory, or under an aider and abettor theory. Moreover, as noted in our previous opinion, the jury could find defendant guilty of special circumstance murder under section 190.2, subdivision (a)(17), only if it found he intended to kill. As such, the record of conviction conclusively established that defendant's petition was meritless, both in 2019 and 2022. (See *People v. Harden* (2022) 81 Cal.App.5th 45, 56 [petition for resentencing may be summarily denied when, without weighing conflicting evidence or making credibility determinations, the record of conviction irrefutably establishes as a matter of law that the jury determined the defendant was the actual killer].)

Given that we have independently reviewed the record and found defendant ineligible for resentencing as a matter of law, we affirm the trial court's order denying defendant relief.

## DISPOSITION

The order denying defendant's section 1172.6 petition for resentencing is affirmed.

                                          /s/
                                     EARL, J.

We concur:

/s/
ROBIE, Acting P. J.

/s/
DUARTE, J.

7